A. Fbanklin Mahoney, J.
This is an article 78 proceeding wherein petitioners seek a judgment annulling the determination of respondents that the Hew York Public Interest Besearch Group, Inc. (hereinafter HYPIBG) not be included on the regular student billing at the State University of Hew York at Albany (SUHYA) for the fall semester of 1974 as a voluntary student fee, and a judgment that SUHYA be required to include HYPIBG on its regular billing form.
Petitioner HYPIBG is a State-wide, nonprofit corporation organized and supported by college and university students. In the fall of 1973 petitioners Curran, Esposit, Malkin and Slaight, with others, circulated on the Albany campus of SUHYA petitions for the establishment of a chapter of HYPIBG and for the voluntary funding of the same by the imposition *548 of a fee of $2 per semester, which fee was to he included as a line item on the university bill to each enrolee. Over 50% of the total enrollment at STJNYA signed the petitions and they were duly presented to John W. Hartley, Vice-President of Management and Planning at SUNYA, who, in turn, deferred the matter to the central administration of STJNYA, which body denied the request that the voluntary fee be added to the university billing.
The respondents cross-move to dismiss the petition on the grounds that: (a) the petitioners lack standing, (b) they cannot show an aggrievement and (c) the administrative act complained of has a rational basis and cannot be judicially annulled.
Clearly, the right of the individual petitioners and NYPIRGr to associate for the purposes set forth in both the State and regional charters of that organization cannot be challenged. In Healy v. James (408 U. S. 169) a local chapter of Students for a Democratic Society (SDS) applied for recognition from university officers and the Supreme Court held that if such a group, after hearing, were found to be willing to acknowledge its obligation and to abide by reasonable regulations, it had every right to recognition by the school authorities. Similarly, in Tinker v. Des Moines School Dist. (393 U. S. 503) the same court held that students had a First Amendment right to wear black armbands and associate together wearing such symbols in protest over this country’s involvement in the Vietnam war and, further, that the Fourteenth Amendment, as applied to the States, protects all our citizens, including students, from proscription of their rights of speech and assembly. These two cited cases belong to the genre of student-administration conflicts so familiar in the last decade and from which can be distilled the principle that a school’s nonrecognition of a student organization as an official campus organization may not be based upon the school’s disagreement with the group’s philosophy, for such would constitute a violation of the student’s right to freedom of association. However, it is also equally clear that a college administration has the right to impose reasonable regulations.
In the case at bar, STJNYA has recognized NYPIRGr as a legitimate local student activity and that body is free to conduct its affairs and advocate its views on campus. The sole issue is whether recognition carries with it the concomitant duty to aid, assist or participate in or with the body entitled to recognition. Inherent in our Federal Constitution, indeed, the very reason for its creation, was the fear that individual freedoms *549 had historically been victims of tyranny and need protection by affirmative declarations of our highest and first law. The First Federal Amendment, therefore, guarantees freedom of speech and freedom of association as against all who would suppress these rights. But the guarantee must be read as recognizing that the exercise of these rights might be in a climate of hostility because those against whom the guarantee works might, and probably would, not welcome the exercise of the freedoms. It necessarily follows that while an individual or group may be entitled to assemble and to associate among those who oppose their philosophical views, it does not follow that once the challenged right is established that the challenger must adopt the views or aid in their diffusion. While those who oppose cannot act or assume a posture that would proscribe or interdict the exercise of a First Amendment right, I do not perceive any constitutional mandate requiring participation, such as, in this case, making available personnel or university assistance in the collection of dues which, after collection, could be distributed to aid and assist a State-wide corporation in advocating its views in places other than at STJNYA.
Next, NYPIRG made payment of student fees for participation in its activities voluntary and not mandatory. Section 302.14(b) of title 8 of the Official Compilation of Codes, Rules and Regulation of the State of New York states that “ where students at a State-operated campus have determined to make the payment of student activity fees voluntary [emphasis supplied], the representative student organization shall be responsible for the collection, appropriation and disbursement of such fees. With the approval of the chief administrative officer, or his designee, personnel or facilities of the campus, or both, may be used in connection with the collection of such fees # * * provided that the collection of voluntary student activity fees is clearly distinguished from the collection of required university fees.” Paragraphs [1] and [2] of subdivision [c] of the same rule provide the means of collecting mandatory fees by the university and the supervised manner of their disbursement for university approved purposes (8 NYCRR 302.14 [c] [3]).
It follows, therefore, that NYPIRGr had the option of making fee payments mandatory and thereby guaranteeing their inclusion as a line item on the university bill but chose not to; perhaps, to avoid university supervision of their mode of disbursement. Having so elected, the petitioners cannot now be heard ■to complain that its money for funding should be collected by STJNYA in the same manner as mandatory fees are collected *550 for other recognized student activities. Rather than make their fee collection mandatory NYPIRGf chose or elected to make them voluntary and to rely on the exercise of discretion by the university administrative officer in a manner favorable to it. The fact that said official did not so exercise his discretion (see 8 NYCRR 302.14 [a]) is not grounds for annulment of his determination if that conclusion has a rational basis.
I conclude that the determination of STJNYA not to bill and collect the subject fees in furtherance of the goals of a Statewide private corporation that may have interests not related or connected to a cultural or educational purpose is valid, has a rational basis in fact and should not be disturbed (Matter of Lesser v. Board of Educ. of City of N. Y., 18 A D 2d 388).
The petition is denied. The cross motion to dismiss is granted.